IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| LEE ANDREW TAYLOR | § | |
|---|---|---|
| Petitioner, | § | |
| v. | § | No. 4:04v150 |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

## ORDER GRANTING IN PART REQUEST FOR CERTIFICATE OF APPEALABILITY

Petitioner Lee Andrew Taylor ("Taylor") was convicted of capital murder and sentenced to death by the State of Texas. On August 31, 2009, this court denied his application for a writ of *habeas corpus.* Taylor has provided timely notice that he intends to appeal the court's judgment. In order to do so, he must obtain a certificate of appealability pursuant to 28 U.S.C. § 2253. Subsection ( c ) ( 2 ) of that statute provides that an application for a certificate of appealability shall be granted if a petitioner makes a substantial showing of the denial of a constitutional right. To make a "substantial" showing, a petitioner must demonstrate that the issue is debatable among jurists of reason, in that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Because this is a capital case, any doubt whether petitioner's claims meet those standards must be resolved in favor of the petitioner. *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir.), *cert. denied*, 522 U.S. 963 (1997).

1

Taylor raised fourteen claims in his application:

1. Because he is actually innocent of the death penalty, his execution would constitute a miscarriage of justice and is therefore barred by the Eighth Amendment.

2. He was denied due process of law by the trial court's refusal to submit an instruction to the jury on the lesser- included offense of non-capital murder.

3. He was denied due process of law by the trial court's refusal to submit an instruction to the jury on the lesser included offense of manslaughter.

4. The trial court's failure to submit to the jury a lesser included offense instruction of "sudden passion" denied him due process of law and rendered his sentence cruel and constituted cruel punishment.

5. TEX. PENAL CODE § 19.02 (d) is vague and ambiguous as applied to him because it creates an ambiguity concerning whether capital defendants are eligible to request a sudden passion charge.

6. Making TEX. PENAL CODE § 19.02 (d) inapplicable to persons defined in Tex. Penal Code 19.03 (a)(6)(B) violates the Eighth Amendment's prohibition against cruel and unusual punishment by broadening those persons eligible for the death penalty to include some, but not all, persons acting under "sudden passion."

7. The trial court's refusal to submit to the jury his proposed instruction on "sudden passion" denied him due process of law and rendered his sentence cruel and unusual punishment.

8. TEX. PENAL CODE § 19.02 and § 19.03 are unconstitutionally vague as applied to him and have thus deprived him of due process of law.

9. The 1993 amendments to TEX. PENAL CODE § 19.02 and § 19.03 violated the Eighth Amendment to the Constitution by broadening the persons who are eligible for the death penalty to include persons who commit murder under the influence of sudden passion.

10. He was denied the right to confront witnesses by the trial court's admission of prison administrative records which contained testimonial hearsay.

11. Because Taylor was sixteen years old at the time he committed aggravated robbery, his death sentence, which was based in part on his conviction for that robbery, constitutes cruel and unusual punishment.

12. Taylor's right of association was violated by the introduction of evidence that he belonged to a white-supremacist organization.

13. Evolving standards of decency that mark the progress of a maturing society prohibit the execution of a person who committed the aggravating element of capital murder before his seventeenth birthday.

14. Taylor's conviction and death sentence under TEX. PENAL CODE § 19.03 (a)(6)(B) constitute cruel and unusual punishment, because that statutory provision is over inclusive and vague, and the legislature's decision to use the fact that a person was serving a life sentence for certain crimes, but not others, in order to elevate murder to capital murder deprived him of the equal protection of the laws.

In denying Taylor's application, the court found that his second, twelfth and fourteenth claims were barred from review under the doctrine of procedural default. When the district court denies a petitioner's petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue if the petitioner demonstrates both that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling and that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). Taylor never even contended, much less established, that the state court erred in finding these claims to be defaulted, or that any default of these claims should be excused, and the court finds that reasonable jurists would not find it debatable whether this court was correct in its procedural ruling. Accordingly, it will not issue a certificate of appealability for those claims.

Considering the claims which were denied on the merits, the court finds that the issues underlying Taylor's first, tenth and eleventh claims are adequate to deserve encouragement to proceed further, so it will issue a certificate of appealability as to these claims. Regarding Taylor's other claims, the court finds that reasonable jurists would not find debatable that they did not state

a valid claim of the denial of a constitutional right, and it further finds the issues underlying these claims are not adequate to deserve encouragement to proceed further. It therefore refuses to issue a certificate of appealability as to those claims.

IT IS THEREFORE ORDERED that a certificate of appealability is issued to Taylor to appeal the first, tenth and eleventh claims in his corrected amended petition for writ of *habeas corpus*.

**SIGNED this the 4th day of September, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE